IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAORE MWENDA and MWENDA MAORE ESTATE *o/b/o* Maurice Mwenda, | MISCELLEANOUS ACTION NO. 1:20-MI-0071-SDG-JSA |
| Plaintiffs, | |
| v. | |
| STATE OF MARYLAND, *et al.*, | **ORDER AND NON-FINAL REPORT AND RECOMMENDATION ON A MOTION FOR DEFAULT JUDGMENT** |
| Defendants. | |

This action is before the Court upon what it construes to be Plaintiff's Complaint [1] and several motions appearing in the docket. For the reasons stated below, Plaintiff is **ORDERED**, within **twenty-one (21) days** of the date of this Order, to show cause in writing why this action should not be dismissed under the *Rooker-Feldman* doctrine. Plaintiff's motions for default and for default judgment [14][20] are **DENIED** to the extent they seek the entry of default against any defendant. The undersigned **RECOMMENDS** that Plaintiff's motions [14][20] be **DENIED** to the extent they seek the entry of default judgment against any defendant. Plaintiff is **ORDERED**, within **twenty-one (21) days** of the date of this Order, to effect service of summonses and of copies of the complaint to each named

defendant in a manner consistent with the directives of this Order. Finally, Plaintiff's motion to seal, found within his Motion in Equity [20] is **DENIED**.

I.  BACKGROUND

Plaintiff commenced this action on July 27, 2020 by filing a document captioned "Superior Court-Estate Order for Recusals by Conflicts of Interest and Cases Sealed by Default," which the Court construes to be his Complaint. *See* [1]. The scope of Plaintiff's action and of his allegations is wide-ranging and difficult to determine. Plaintiff expressly names the State of Maryland and an individual, Mia Lauren Ballard, as defendants to his claims. In stating his allegations, however, Plaintiff appears to name the United States as a defendant, as well. *See* Compl. [1] at ¶ 1. Other individuals and entities additionally appear to be identified as conspirators in a series of allegedly illicit actions taken against him, including an individual names Cynthia Callahan and the Circuit Court of Montgomery County, Maryland. *See id.* at ¶¶ 5–9.

In the Complaint, Plaintiff contends that the "State of Maryland[or United States by 28USC3002(15)] was without full disclosure Party to" a state-court divorce action in Maryland to which he was a party. *Id.* at ¶ 1. Apparently based on this allegation, Plaintiff argues that a withholding order issued in that action against his income is "null and void." *Id.* at ¶ 2. Plaintiff additionally alleges that he was

unlawfully arrested at a hearing related to the divorce action. *See id.* at ¶ 4. In his pleading, Plaintiff purports to himself order the vacation of all judgments related to the Maryland divorce proceeding and the payment of millions of dollars in damages to him by various "debtors." *See id.* at 2. Attached to the Complaint are two forms: one fee collection application form prepared by the Social Security Administration and one Employer Identification Number assignment form issued by the Internal Revenue Service. *Id.* at 3–5.

Plaintiff has also filed returns of service purporting to indicate that he mailed summonses to three defendants—the State of Maryland, the United States, and Mia Lauren Ballard—on or about December 15, 2020. *See* [13]. About three weeks later, on January 5, 2021, Plaintiff filed a "Request of/for Entry of Default" [14], in which he requests that the Clerk enter a default against the State of Maryland. In a later-filed "Motion in Equity" [20], Plaintiff requests the entry of default judgment against the defendants in this action.

II.     **DISCUSSION**

    A.     *Plaintiff's Claims*

As an initial matter, it is unclear whether the Court may exercise jurisdiction over Plaintiff's claims.

"It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923)). Under the *Rooker-Feldman* doctrine, the authority to review the final decisions of state courts is reserved to the Supreme Court of the United States. *Id.* (citing *Hollins v. Wessel*, 819 F.2d 1073, 1074 (11th Cir.1987)). The *Rooker-Feldman* doctrine compels dismissal of claims for lack of jurisdiction when a plaintiff is the losing party in a state court proceeding and is "complaining of injuries caused by the state-court judgment[ ] rendered before the district court proceedings commenced and inviting district court review and rejection of" that judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009).

To the extent that the scope of Plaintiff's claims are discernible, he appears to attempt exactly that. The Complaint repeatedly refers to previous divorce proceedings in the Circuit Court of Montgomery County, Maryland to which he was a party, and in which a withholding order against his income was issued and in which he was at some point subject to arrest. Due to some combination of procedural due process defects and the alleged inability of the State of Maryland to exercise

jurisdiction over him, Plaintiff contends that the state court judgments issued against him, and various related enforcement mechanisms, are null and void. No other claims in the Complaint are apparent.

The *Rooker-Feldman* doctrine bars litigants who are adversely affected by state court divorce decrees, like Plaintiff, from seeking the invalidation or modification of those decrees in federal district court. *See Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009) (*per curiam*); *see also Tarver v. Reynolds*, 808 F. App'x 752, 753–54 (11th Cir. 2020) (*per curiam*); *Cormier v. Horkan*, 397 F. App'x 550, 553–54 (11th Cir. 2010) (*per curiam*). Plaintiff does not plead that he was barred from raising any of the arguments he raises in this action in the state court actions he complains of; as such, if he "believed the state court's result was based on a legal error, the proper response was the same one open to all litigants who are unhappy with the judgment of a trial court: direct appeal." *Casale*, 558 F.3d at 1261. This is so even if he contends that the state court lacked jurisdiction to render its judgments in the first place. *See id.* (noting that the Eleventh Circuit has "never adopted" an exception to the *Rooker-Feldman* doctrine for claims that a state court judgment was "void *ab initio*").

Thus, the Court's jurisdiction over Plaintiff's claims is doubtful. Plaintiff is accordingly **ORDERED** to show cause, within **twenty-one (21) days** of the date of

this Order, why his claims should not be dismissed under the *Rooker-Feldman* doctrine.

B.   *Motions for Default and for Default Judgment*

Notwithstanding any issues related to the Court's jurisdiction over his claims, Plaintiff's motions seeking the entry of default and default judgment are due to be denied because of his failure to properly serve the parties whom he appears to identify as defendants.

Rule 55 of the Federal Rules of Civil procedure permits the entry of default against a defendant when they have "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Before permitting the entry of default by the Clerk in this case, the Court must address the issue of proper service. *See, e.g.*, *Scotlynn USA Div., Inc. v. Z Top Logistics, Inc.*, No. 2:16-cv-606-FtM-99CM, 2017 WL 1332746, at *1 (M.D. Fla. Apr. 10, 2017) ("Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process."); *Barker v. Sai Deva Corp.*, No. 3:08-cv-683-J-12MCR, 2008 WL 4791049, at *1 (M.D. Fla. Oct. 29, 2008) (to obtain entry of default, plaintiff must first effect service properly within the time period stated in Rule 4(m) of the Federal Rules of Civil Procedure); *see also Orta v. West Gables Mgmt. Corp.*, No. 6:07-cv-571-Orl-31GJK, 2008 WL 398974, at *2 (M.D. Fla. Feb.

12, 2008) (setting aside entry of default due to ineffective service of process but granting extension *nunc pro tunc* of the Rule 4(m) deadline to serve defendant).

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Thus, for that reason, whenever a court finds that a defendant has not been properly served under the Federal Rules of Civil Procedure, it is "improper for the district court to . . . reach[ ] the merits in th[e] case." *Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 183 (11th Cir. 2007); *see also Pelmore v. Pinestate Mortg. Corp.*, No. 1:09-CV-2313-TWT, 2010 WL 520767, at *2 (N.D. Ga. Feb. 8, 2010); *Innomed Tech., Inc. v. Worldwide Med. Tech., Inc.*, 267 F. Supp. 2d 1171, 1173 (M.D. Fla. 2003) ("[a] court without personal jurisdiction is powerless to take further action") (citing, *inter alia*, *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999)). "[T]he serving party . . . bears the burden of proof with regard to validity of service." *Anderson v. Dunbar*, 678 F. Supp. 2d 1280, 1297 (N.D. Ga. 2009) (Martin, J.); *see also Profit v. Americold Logistics, LLC*, No. 1:07-cv-1920-TWT, 2008 WL 1902190, at *4 (N.D. Ga. Apr. 25, 2008).

Rule 4(m) of the Federal Rules of Civil Procedure requires service of the summons and complaint to be made upon each defendant within 90 days after the

Complaint is filed. *See* Fed. R. Civ. P. 4(m). Plaintiff's returns of service [13] indicate that he did not attempt such service upon any defendant until December 15, 2020, over 140 days after the filing of the Complaint. Moreover, Plaintiff's attempted methods of service as to two of the three defendants he purported to serve were plainly deficient. Plaintiff attempted to serve the United States by mailing a summons to the Solicitor General of the United States. *See* [13] at 6. However, to serve the United States, a party must:

> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Further, Plaintiff attempted to serve an individual defendant, Mia Lauren Ballard, by mailing a summons to the Circuit Court of Montgomery County, Maryland. *See* [13] at 4. Under Rule 4, an individual is to be served only through personal service effected by an eligible non-party upon an eligible recipient, or by alternative means authorized under the rules of the state in which service is to be effected. *See* Fed. R. Civ. P. 4(c)(2); 4(e). Notwithstanding Maryland's

8

authorization of individual service by mail in some situations, *see* Md. R. 2-121(a)(3), service via mailing to a state court is plainly insufficient. As such, Plaintiff has failed to serve any defendant in a timely and/or otherwise proper manner.

Accordingly, Plaintiff's motions [14][20], to the extent they seek the entry of default against any defendant, are **DENIED**. The undersigned **RECOMMENDS** that Plaintiff's motions [14][20] be **DENIED** to the extent they seek the entry of default judgment against any defendant. Plaintiff is **ORDERED**, within **twenty-one (21) days** of the date of this Order, to effect service of summonses and of copies of the complaint to each defendant named in the complaint in a manner consistent with the mandates of Rule 4 of the Federal Rules of Civil Procedure, including any of the Rule's applicable directives regarding service of individuals, state and local governmental entities, and/or the United States.

C.   *Motions to Seal*

Finally, Plaintiff seeks to seal this entire case "from all public inspection." Mot. [20].

Motions to seal are generally treated with disfavor. "What transpires in the court room is public property," *Craig v. Harney*, 331 U.S. 367, 374 (1947), and the Court's consideration of any motion to seal thus starts with the presumption of public access to judicial documents, *see Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224,

1235 (11th Cir. 2013). The public's right to access court documents may be overcome with a showing of good cause. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). As the Eleventh Circuit has explained:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials of public concerns, and the availability of a less onerous alternative to sealing the documents . . . A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.

*Id.* (internal citations omitted). Moreover, requests to seal entire civil cases from public inspection require more than a simple balancing of competing interests—rather, "it must be shown that 'the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to that interest." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (alterations in original) (quoting *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)); *see also Price v. Gwinnett Family Dental Care, LLC*, No. 1:06-CV-2569-BBM-GGB, 2008 WL 11407228, at *2 n.1 (N.D. Ga. Aug. 11, 2008).

      Plaintiff's one-sentence request to simply seal this entire case falls well short of the above standard. Plaintiff offers no reason—let alone a compelling one—to seal this entire case, nor does Plaintiff articulate any good cause to seal any specific

documents therein. Plaintiff's motion to seal is thus **DENIED**. Any future motion to seal must either proffer a compelling reason to seal the entire case or establish good cause to seal specific documents from public view.

## III. CONCLUSION AND RECOMMENDATION

For the reasons discussed above, Plaintiff is **ORDERED**, within **twenty-one (21) days** of the date of this Order, to show cause in writing why this action should not be dismissed under the *Rooker-Feldman* doctrine. Plaintiff is reminded that he is not to appear in person in Court without prior leave of the Court. Instead, absent prior leave of the Court, all responses and applications are to be filed on paper in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Plaintiff's motions for default and for default judgment [14][20] are **DENIED** to the extent they seek the entry of default against any defendant. The undersigned **RECOMMENDS** that Plaintiff's motions [14][20] be **DENIED** to the extent they seek the entry of default judgment against any defendant. Plaintiff is **ORDERED**, within **twenty-one (21) days** of the date of this Order, to effect service of summonses and of copies of the complaint to each named defendant in a manner

consistent with the directives of this Order. Finally, Plaintiff's motion to seal, found within his Motion in Equity [20] is **DENIED**.

**IT IS SO ORDERED AND RECOMMENDED** this 22nd day of February, 2021.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE