IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAORE MWENDA and MWENDA MAORE ESTATE *o/b/o* Maurice Mwenda, | MISCELLEANOUS ACTION NO. 1:20-MI-0071-SDG-JSA |
| Plaintiffs, | |
| v. | |
| STATE OF MARYLAND, *et al.*, | |
| Defendants. | **FINAL REPORT AND RECOMMENDATION** |

This action is before the Court upon its previous Order and Non-Final Report and Recommendation [33], which directed Plaintiff to properly serve the summons and Complaint and to show cause as to why this action should not be dismissed under the *Rooker-Feldman* doctrine.

In ordering Plaintiff to properly effect service, the Court noted that none of Plaintiff's previous attempts at serving the three defendants in this action—the State of Maryland, the United States, and an individual named Mia Ballard—were timely. *See* Order [33] at 7–8. The Court further noted that Plaintiff's attempt to serve the United States by mailing the Solicitor General of the United States was improper under Rule 4 of the Federal Rules of Civil Procedure, and that his attempt to serve Mia Ballard by mailing to the Circuit Court of Montgomery County, Maryland was likewise improper. *See id.* at 8–9. In what appears to be his response to the Court's

Order, Plaintiff provides United States Postal Service tracking numbers as purported proofs of his service upon all three Defendants. *See* [36] at 1. However, each tracking number provided corresponds with his original untimely attempts at service rather than any new attempts within the period authorized by the Court. Further, even assuming Plaintiff is referring to new attempts at service, he has attempted to serve the United States and Mia Ballard using the same improper forms of mailing identified in the previous Order. Because Plaintiff has not properly served Defendants either within his original 90-day period or the extended period offered by the Court, his claims are due for dismissal. *See* Fed. R. Civ. P. 4(m).

As for the Court's show-cause order, Plaintiff appears to offer two reasons why the *Rooker-Feldman* doctrine does not warrant dismissal of this action. First, Plaintiff argues that the doctrine "fails to be applicable where Action is in and with Equity or relates to foreign trust and Estate property: rendering voidable any doctrine within the united states contrary to Treaty and International Law." *See* [36] at 2. Second, Plaintiff claims that "the State of Maryland fails to exist as an instrumentality of the United States to the extent that any withholding order . . . was/is effective across state lines and enforced as far as . . . transmitting to the United States State Department to withhold the delivery of travel documents," apparently referring to his alleged denial of a passport due to the withholding order entered

against him in Maryland state court. *Id.*; *see also* [32] at 3–4. Neither argument is supported by any authority, and neither argument responds to the what the Court identified as the deficiency of Plaintiff's claims for jurisdictional purposes: that they seek the invalidation of a state court divorce decree by a federal district court. As such, dismissal of this action in its entirety under the *Rooker-Feldman* doctrine is warranted for the reasons stated in the Court's previous Order. *See* Order [33] at 4–5.

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** for failure to serve under Rule 4(m) of the Federal Rules of Civil procedure and for lack of jurisdiction under the *Rooker-Feldman* doctrine.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO RECOMMENDED** this 30th day of March, 2021.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE