IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAORE MWENDA,<br><br>    Plaintiff,<br><br>        v.<br><br>STATE OF MARYLAND, *et al.*<br><br>    Defendants. | Civil Action No.<br>1:20-mi-00071-SDG |

## OPINION AND ORDER

This matter is before the Court on the Non-Final Report and Recommendation of United States Magistrate Judge Justin S. Anand (Non-Final R&R) [ECF 33] recommending that Plaintiff Maore Mwenda's motion for default judgment [ECF 14] and motion in equity [ECF 20] be denied and on Judge Anand's Final Report and Recommendation (Final R&R) [ECF 37] recommending that this matter be dismissed. The Court construes Mwenda's various filings as objections[1] and, after careful review of the record, **OVERRULES** the objections and **ADOPTS**

---

[1] In response to the Non-Final R&R, Mwenda filed return receipts purporting to show service on various named and unnamed defendants, ECF 35, and a document construed by the Clerk as an objection. ECF 36. Mwenda received the Final R&R, but returned it to the Clerk with the notation that it was "Refused for Cause without Dishonor," ECF 42, after which he responded to the order to show cause contained in the Non-Final R&R, ECF 40, and filed various notices of government documents. ECF 41; ECF 44; ECF 45; ECF 46; ECF 47; ECF 48; ECF 49; ECF 53; ECF 55; ECF 56; ECF 57; ECF 61; ECF 62; and ECF 63. Mwenda has also filed a notice of special appearance. ECF 65.

the Non-Final and Final R&Rs in their entirety. The Court also **DENIES AS MOOT** Mwenda's motion for confirmation [ECF 43], motion to dismiss an unrelated action [ECF 54], and motion for preliminary injunction [ECF 64].

## I.   BACKGROUND

Mwenda commenced this action on July 27, 2020, by filing what is captioned as "Superior Court Estate Order for Recusals by Conflict of Interest and Cases Sealed by Default."[2] Mwenda proceeded to file numerous notices,[3] a request for entry of default against the state of Maryland,[4] and a motion in equity requesting default judgment.[5] The substance of Mwenda's claims is difficult to discern. From the various filings, it appears that Mwenda is challenging a divorce decree entered in a Maryland state court, which resulted in his arrest and court-ordered child support payments.[6] Mwenda is particularly concerned that unpaid child support has prevented him from obtaining a United States passport.[7]

---

[2]   ECF 1.

[3]   ECF 3; ECF 4; ECF 5; ECF 6; ECF 7; ECF 9; ECF 10; ECF 11; ECF 12; ECF 15; ECF 16; ECF 18; ECF 21; ECF 22; ECF 23; ECF 24; ECF 25; ECF 26; ECF 28; ECF 29; ECF 30; ECF 31; ECF 32.

[4]   ECF 14. Mwenda also filed a proposed order on default judgment. ECF 20.

[5]   ECF 20.

[6]   ECF 1, ¶¶ 1–4.

[7]   *See e.g.*, ECF 51.

The legal basis for Mwenda's claims is similarly unclear. He seems to argue that the state of Maryland converted his property by withholding amounts for child support,[8] that this conversion was unconstitutional,[9] and that equity requires return of his property.[10] He has not presented any claims related to the other named Defendant, Mia Lauren Ballard. Mwenda claims over a billion dollars of damages as a result of the state of Maryland's actions.[11]

Judge Anand reviewed Mwenda's filings, ordered Mwenda to effect service on each defendant, and to show cause as to why this action should not be dismissed under the *Rooker-Feldman* doctrine because his claims seem to challenge a state court judgment.[12] Judge Anand also issued the Non-Final R&R, recommending that Mwenda's motion for entry of default and motion in equity be denied.[13] Mwenda responded with an objection, which included United States Postal Service tracking numbers.[14] He also argued that the *Rooker-Feldman* doctrine

---

[8]  ECF 3, ¶¶ 1, 4–6.

[9]  ECF 9, at 2.

[10] *Id.*

[11] *Id.*

[12] ECF 33, at 11–12.

[13] *Id.*

[14] ECF 36.

does not apply because this is an action in equity, Maryland is not an instrumentality of the United States, and the relevant actions occurred across state lines.[15] Judge Anand found this insufficient and issued the Final R&R recommending dismissal for failure to serve under Federal Rule of Civil Procedure 4(m) and for lack of subject matter jurisdiction under *Rooker-Feldman*.[16]

Mwenda rejected the Final R&R and sent it back to the Clerk with the notation that it was "Refused for Cause without Dishonor."[17] He has since filed numerous notices, asserting the same arguments, and has moved for confirmation that he is entitled to default[18] and to dismiss an unrelated action.[19] Most recently, Mwenda has attempted to serve summonses on the United States and the Department of Justice,[20] has proposed subpoenas to be served on nonparties, including the Circuit Court Clerk of Montgomery County, Maryland and a representative of the United States passport services,[21] and has filed documents

---

[15] *Id.*

[16] ECF 37, at 3.

[17] ECF 42.

[18] ECF 43.

[19] ECF 54.

[20] ECF 58; ECF 50.

[21] ECF 59.

reflecting his application for a foreign limited partnership and a petition for an involuntary bankruptcy.[22] Mwenda has also filed a notice of special appearance.[23]

## II. LEGAL STANDARD

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only determine that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The Court has broad discretion in reviewing a magistrate judge's report and recommendation. It may consider or decline to consider an argument never presented to the magistrate judge. *Williams v. McNeil*,

---

[22] ECF 62; ECF 62; ECF 63.

[23] ECF 65.

557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

### III.   DISCUSSION

Mwenda failed to assert a coherent objection to Judge Anand's R&Rs. As to the Non-Final R&R, Mwenda objected to the reasoning of the order but has not articulated why he is entitled to entry of default or a default judgment.[24] Moreover, it appears that Mwenda rejected the Final R&R in its entirety, but he does not specify what aspects of the R&R he disagrees with.[25] Without a valid objection, the Court will review Judge Anand's R&Rs for clear error. Fed. R. Civ. P. 72(b).

Judge Anand did not clearly err in recommending that the motion for entry of default and the motion in equity, which essentially was a motion for default judgment, be denied. Mwenda has not properly served either the state of Maryland or Mia Lauren Ballard, the named Defendants.[26] Since proper service is a prerequisite to entry of default, default and default judgment were not warranted.

---

[24]   ECF 36.

[25]   ECF 42.

[26]   ECF 33, at 8–9.

Judge Anand also did not err in recommending dismissal. As noted, Mwenda has failed to serve the named Defendants. Though he has cited tracking numbers and numerous mail receipts,[27] and has filed documentation stating that he served the parties himself,[28] neither method is permissible under Rule 4(c) of the Federal Rules of Civil Procedure. Judge Anand ordered Mwenda to properly effect service within 21 days of entry of the Non-Final R&R and he has not done so. As such, dismissal without prejudice is warranted under Rule 4(m).

Further, Mwenda did not adequately address whether his suit is barred by the *Rooker-Feldman* doctrine. "The Rooker–Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (citing *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) and *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923)). This includes divorce decrees that mandate child support payments. *Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009). Mwenda's claims challenge a divorce decree entered in a Maryland state court, which required him to pay child support and apparently resulted in

---

[27] ECF 40. The certified mail receipt that Mwenda most recently filed [ECF 60], which reflects delivery to the Department of Justice through United States mail, similarly does not satisfy Rule 4(c).

[28] ECF 13.

his arrest. His failure to pay child support then led to the withholding of his property and his inability to obtain a United States passport. Mwenda has not shown that he was unable to raise his claims in the state court proceeding, and therefore the Court lacks subject matter jurisdiction. *Id.* at 1260–61.

### IV.   CONCLUSION

Mwenda's objections are **OVERRULED**. Judge Anand's Non-Final and Final R&Rs [ECF 33 and ECF 37] are **ADOPTED IN THEIR ENTIRETY**. Mwenda's motions for entry of default [ECF 14] and in equity [ECF 20] are **DENIED**. This case is **DISMISSED**. Mwenda's pending motions for confirmation [ECF 43], to dismiss [ECF 54], and for a preliminary injunction [ECF 64] are **DENIED AS MOOT.**

The clerk is **DIRECTED** to close this case. As this case is now closed, Mwenda is not permitted to file additional notices, apart from a notice of appeal, to file any motion unrelated to this final judgment, to issue additional summons, or seek to issue subpoenas in this matter.

**SO ORDERED** this the 20th day of August 2021

_____
Steven D. Grimberg
United States District Court Judge