IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAORE MWENDA, *et al.*,
   Plaintiffs,

v.

STATE OF MARYLAND, *et al.*,
   Defendants.

Civil Action No.
1:20-mi-00071-SDG

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Maore Mwenda's motions to set aside the Court's imposition of filing restrictions [ECFs 93, 94]. After careful review, the Court **DENIES** the motions.

**I.   Background**

Mwenda initiated this action on July 27, 2020, by filing a "Superior Court Estate Order for Recusals by Conflict of Interest and Cases Sealed by Default."[1] He failed to serve any of the named defendants and, after giving him an opportunity to cure the defects with service and address jurisdictional issues,[2] which Mwenda failed to do, United States Magistrate Judge Justin S. Anand entered a Final Report and Recommendation (the R&R) recommending that the Court dismiss the action for failure to effect service under Rule 4(m) and for lack of subject matter

---

[1]   ECF 1.

[2]   ECF 33.

jurisdiction under the *Rooker-Feldman* doctrine.[3] On August 20, 2021, the Court overruled Mwenda's objections, adopted the R&R, and entered judgment.[4]

Between the time that Mwenda filed this action and the Court dismissed it, Mwenda filed over fifty frivolous motions, notices, summonses, and other miscellaneous documents. Accordingly, in its August 20 Order, the Court directed Mwenda not to file anything unrelated to that Order and the final judgment or his appeal.[5] Mwenda then filed a motion to vacate, withdraw the Clerk's judgment, and appoint a three judge panel;[6] and a motion for leave to file a claim for damage, injury, or death.[7] The Court denied both motions.[8] Mwenda was denied leave to appeal *in forma pauperis* by both this Court and the Court of Appeals because his appeal was frivolous.[9] The appeal was ultimately dismissed for want of prosecution.[10] Despite this, Mwenda has continued to file documents in the case, including a notice of filing redress of grievances,[11] notices of actions taken in other

---

[3]   ECF 42.

[4]   ECFs 66, 67.

[5]   ECF 66, at 8.

[6]   ECF 68.

[7]   ECF 69.

[8]   ECFs 70, 78.

[9]   ECF 79.

[10]  ECFs 79, 85.

[11]  ECF 83.

courts,[12] various mail receipts,[13] and the instant motions. He also filed a "Notice of Direct Appeal [Satisfaction of Rooker Feldman Doctrine Where Applicable]," in which he purports to be filing a notice of appeal of an order entered by the Superior Court of Cobb County, Georgia.[14]

## II. DISCUSSION

Mwenda's motions to set aside, which appear identical in all material respects, argue (falsely) that documents in this action are "recorded at the discretion of any docketing clerk without verification."[15] He claims the filing restrictions imposed by the August 20 Order are unconstitutional and are delaying a trial in an unrelated action in the Cobb County Superior Court.[16] He requests that the August 20 Order and filing restrictions be set aside.[17]

The Court long ago entered final judgment in this action and Mwenda's appeal from that decision was dismissed. He has provided no legal basis for the Court to reconsider or set aside its August 20 Order, especially in light of the fact that the Court summarily denied his motion to vacate that Order over three years

---

[12]   ECFs 90, 96.

[13]   ECFs 82, 84, 86, 87, 88, 89, 91, 92.

[14]   ECFs 95, 96.

[15]   ECF 93, at 1.

[16]   Id.

[17]   Id.

ago.[18] To succeed on a motion for reconsideration, a party must demonstrate (1) newly discovered evidence; (2) an intervening change in the law; or (3) a need to correct a clear error of law or fact. *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). Mwenda hasn't shown any of these. Motions under Rule 59(e) must be filed within 28 days after entry of the judgment and show newly discovered evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citing *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999)). Motions under Rule 60(b) must be made within a reasonable time—generally a year after the entry of judgment. Fed. R. Civ. P. 60(c)(1).

As for the filing restrictions, they do not prevent Mwenda from initiating any action in any court. All they do is limit Mwenda's ability to file irrelevant and extraneous materials *in this case*:

> Mwenda is not permitted to file additional notices, apart from a notice of appeal, to file any motion unrelated to this final judgment, to issue additional summons, or seek to issue subpoenas in this matter.[19]

His filings are not subject to the "discretion of [the] docketing clerk[s]." Rather, they are subject to this Court's Order. Mwenda does not explain how the filing

---

18   ECF 70 (denying ECF 68).

19   ECF 66, at 8.

restrictions have any effect whatsoever on the Cobb County action or any other litigation in any other case or court.

Although Mwenda asserts that the restrictions are unconstitutional under Articles I and III, he does not explain how. Article I deals with the powers delegated to Congress. And, while Article III does concern the powers of the federal judiciary, Mwenda has not identified any manner in which this Court's exercise of its inherent authority to limit abusive filings was improper. In fact, the Eleventh Circuit has expressly upheld the exact type of restriction the Court imposed here. *Copeland v. Green,* 949 F.2d 390, 391 (11th Cir. 1991) (per curiam) (upholding an injunction directing the clerk to mark any papers submitted by a frequent litigant as received but not to file the documents unless a judge approved them for filing); *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 518 (11th Cir. 1991) (noting that federal courts may "limit the filing of frivolous law suits" and upholding an injunction ordering a frequent litigant to send all pleadings to a judge for prefiling approval). In short, Mwenda has not shown any basis for the Court to relieve him from the filing restrictions imposed in this case.

### III.   CONCLUSION

Mwenda's motions to set aside [ECFs 93, 94] are **DENIED**. This case remains **CLOSED** and Mwenda remains subject to the filing restrictions imposed by the Court's August 20, 2021 Order. Mwenda may file a notice of appeal from this

Order. The Clerk is **DIRECTED** to **STRIKE** ECF 95 and ECF 96 from the docket. The Clerk is further **DIRECTED** not to docket any further filings in this action, except for a notice of appeal from this Order should Mwenda file one, unless such filings are first approved by undersigned.

    **SO ORDERED** this 15th day of October, 2024.

                                            Steven D. Grimberg
                                     United States District Judge